[Cite as *State ex rel. McCabe v. State*, 2018-Ohio-1138.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO, EX REL. | : | Hon. W. Scott Gwin, P.J. |
| DONALD E. MCCABE | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Earle E. Wise, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 18-CA-00003 |
|  | : |  |
| STATE OF OHIO | : |  |
|  | : | OPINION |
| Respondent |  |  |

CHARACTER OF PROCEEDING:     Petition for Writ of Mandamus

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     March 26, 2018

APPEARANCES:

For Relator                                    For Respondent

DONALD E. MCCABE, # 277.786
Marion Correctional Institution
Box 57
Marion, OH 43301

*Gwin, P.J.*

{¶1} Relator, Donald McCabe, has filed a Petition for Writ of Mandamus requesting Respondent be ordered to provide Relator with a scheduling order for an appeal Relator filed in this Court.

{¶2} "To be entitled to a writ of mandamus, the [relator] must establish by clear and convincing evidence a clear legal right to the requested relief and a clear legal duty on the part of respondent to provide the relief. " *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, ¶ 28.

{¶3} Relator specifically believes he is entitled to a "Scheduling Order" which would include (1) the case number (2) the calendar assignment (3) the due date(s) for the brief(s). Relator has not cited any authority for the proposition he has a clear legal right to a "scheduling order." Further, he has not cited any authority for the contention that the Respondent, the State of Ohio, is required to provide a scheduling order.

{¶4} All initial due dates for briefs in the Fifth District Court of Appeals are calculated according to Rule 18 and Rule 11.1(C) of the Ohio Rules of Appellate Procedure and not by a scheduling order. The record in Relator's appeal, Perry County Case Number 17-CA-00010, indicates Relator was served with a copy of the Appellate Rule 11 (B) notice of transmission of the record. This notice contained the case number. Further, this notice triggers the due date for Relator's appellate brief.

{¶5} Relator elected on his Docketing Statement to have his case assigned to the Accelerated Calendar in Case Number 17-CA-00010, therefore, the case was placed on the Accelerated Calendar. The State of Ohio, the respondent named in the Petition, has no duty to advise an appellant of the calendar an appellant elects for his own case.

**{¶6}**    Finally, Relator had an adequate remedy at law to obtain the case number and calendar assignment from the clerk of courts.

**{¶7}**    Because Relator has failed to demonstrate a clear legal duty on the part of Respondent to provide a scheduling order and has failed to demonstrate a clear legal right to a scheduling order, the petition for writ of mandamus is dismissed for failure to state a claim upon which relief may be granted.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur